No. 17-0419 - *State of West Virginia ex rel. Matthew Harvey v. Honorable John C. Yoder, Circuit Judge, Twenty-Third Judicial Circuit, and Gerald G. Rankin, Jr.*

Workman, Justice, joined by Chief Justice Loughry, concurring,

**FILED**
**November 2, 2017**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

I concur with the majority opinion and write separately to emphasize the potential quagmire the State may create in introducing the evidence relating to the Plan B birth control pill. It's somewhat curious that the State is even considering introducing evidence of the defendant's purchase of a Plan B birth control pill for the alleged victim – on the day after he is alleged to have assaulted her – because (according to the defendant) she told him she had engaged in sexual relations with another man in the prior seventy-two hours. I perceive rather limited potential probative value in that evidence in light of the other evidence the State apparently has against this defendant when considered in the context of the defendant's consequent right to at least tangentially erode the rape shield protection. Thus, introduction of that element of evidence appears to constitute the proverbial opening of the can of worms and an unnecessary risk of violating the rape shield rule.

If the State decides to embark on this very risky undertaking, the lower court must be very firm in not permitting the defendant to testify in a manner that invades the protections of the rape shield rule. The wiser course for the State, especially in light of all the other evidence, would be *not* to introduce anything relating to the conversation the

1

defendant alleges occurred concerning the Plan B purchase.  As stated by the majority, if the

State does, then the defendant is only

> permitted . . . to ask M.Y., on cross-examination, whether she told him she had sex with someone else during the seventy-two hour period before he purchased the Plan B pill for her. Under the circuit court's ruling, Mr. Rankin is required to accept M.Y.'s response of "yes" or "no" without further questioning in this area.

I am authorized to state that Chief Justice Loughry joins me in this opinion.